UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5494-AB (AS) | Date | January 12, 2015 |
|---|---|---|---|
| Title | Ivan E. Diaz v. David Long, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:** **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On July 30, 2013, Petitioner Ivan E. Diaz ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). The Petition asserts two claims for habeas relief. (See Pet. 5–6, 11, 27.) On October 1, 2014, the Court found that, because Petitioner had failed to exhaust Ground One of the instant Petition, this action was subject to dismissal (Docket Entry No. 30). Consequently, Petitioner was ordered to inform the Court as to how he wished to proceed by selecting a course of action from among four specified options: (1) voluntary dismissal of the petition; (2) proceeding on only his exhausted claim (after voluntarily dismissing Ground One); (3) seeking a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277–78 (2005); or (4) dismissal of the unexhausted claim and seeking a stay of the remaining exhausted claim under Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007).[1] (Id.) On December 12, 2014, Petitioner filed a "Request to Hold Federal Habeas Corpus in Abeyance" ("Motion for Stay"), pursuant to Rhines. (Docket Entry No. 33)

---

[1] The Court previously issued an Order on April 1, 2014, finding that Ground One was unexhausted, and allowing Petitioner to choose one of the four specified options. (See Docket Entry No. 30.) However, Petitioner subsequently failed to choose a course of action and continued to assert that he had presented a fully exhausted petition. (See Docket Entry Nos. 26, 27.) Thus, in the April 1, 2014 Order, the Court afforded Petitioner "one final opportunity" to choose a course of action, and explicitly warned that it would "not entertain any further arguments by Petitioner that Ground One is exhausted." (See Docket Entry No. 30.)

On December 12, 2014, Petitioner submitted a "Refute Motion" along with the Motion for Stay, reasserting his position for why Ground One is exhausted. (See Docket Entry No 35.) The Court will not address this Motion or any future motions by Petitioner that reassert any arguments that Ground One is exhausted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5494-AB (AS) | Date | January 12, 2015 |
|---|---|---|---|
| Title | Ivan E. Diaz v. David Long, Respondent. | | |

In order to obtain a stay under Rhines, a petitioner is required to make a showing that there is "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

The Court finds that Petitioner has failed to demonstrate good cause for the failure to exhaust. The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). Moreover, the Ninth Circuit explained that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005). However, "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In his Motion for Stay, Petitioner argues that his ignorance of the legal process, and his inability to comprehend the significance of all the facts supporting his petition, prevented him from exhausting his claim. (Motion for Stay 3–4, 7.) However, Petitioner fails to provide evidence of his purported ignorance, or specify which laws, facts, or processes caused him to be "reasonably confused" about the exhaustion requirement. (Id.) A bald assertion of ignorance of the law or facts, without supporting evidence, is insufficient to show "good cause" for failure to exhaust. Blake, 745 F.3d at 977; see also Smith v. Giurbino, 2008 WL 80983, *2 (S.D. Cal. Jan.7, 2008) (holding that petitioner's mere allegations of lack of legal knowledge, illness, and lack of knowledge of the facts were insufficient to show good cause). Thus, Petitioner has not demonstrated good cause for failure to exhaust Ground One.

The Court reminds Petitioner that the Rhines framework is a conjunctive one, requiring Petitioner to satisfy *all three elements* of the standard. In order to obtain a stay pursuant to Rhines, Petitioner must demonstrate (1) good cause for the failure to exhaust; (2) claims that are potentially meritorious; and (3) the absence of dilatory tactics on Petitioner's part. Rhines, 544 U.S. at 278. In addition to his failure to show good cause for his unexhausted claim in Ground One, Petitioner has failed to address whether Ground One is potentially meritorious.[2]

Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE why this action should not be dismissed as a mixed Petition, pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner is expressly advised to confine his response to this order as to why there exists good cause for his failure to exhaust and why the unexhausted claim in Ground One is meritorious, and to limit his response to this Order to ten (10)

---

[2] Petitioner submits a declaration in support of his Motion to Stay, stating that he "beleives [sic] that the unexhausted Ground 1 claim is 'Potentially Meritorious' and not plainly meritless." (See Docket Entry No. 33, at 7.) However, this is a vague and conclusory statement that does not provide sufficient facts and information to satisfy the requirements of Rhines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-5494-AB (AS) | Date | January 12, 2015 |
|---|---|---|---|
| Title | Ivan E. Diaz v. David Long, Respondent. | | |

pages, exclusive of attachments and exhibits.  The Court will also afford Petitioner one final opportunity to avail himself of the other three options, if he so chooses, from the Court's October 1, 2014 Order:

**Option 1:** Petitioner may request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1): "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claim and elect to proceed on only his exhausted claim.  Petitioner may also use the attached Notice of Dismissal form in order to select this option.  However, Petitioner is advised that if he elects to proceed with his exhausted claim, any future habeas petition containing his unexhausted claim or other claims that could have been raised in the instant Petition (but were not) may be rejected as successive.

**Option 3:**  Petitioner may withdraw his Motion filed on January 27, 2014, dismiss his unexhausted claim and, pursuant to Kelly, file a motion seeking a stay of his remaining exhausted claim while Petitioner returns to the state courts to exhaust his dismissed claim.  Petitioner is warned, however, that after he has exhausted his unexhausted claim in state court, he will be able to amend his federal Petition to add this claim only if the claims are timely and  "relat[e] back," to the claims in the pending petition.  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009); Mayle v. Felix, 545 U.S. 644, 664 (2005).

Petitioner must file a response to this Order within fourteen days, or no later than **January 26, 2015.**

**Petitioner is expressly warned that failure to timely file a declaration or other response to this ORDER may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**Petitioner is further warned that if he does not select one of the four options to address the fact that his Petition contains unexhausted claims, the Petition will be subject to dismissal as mixed.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | AF | |